IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TERRANCE O. COLEY,
    Petitioner,

v.                                                          Civil Action No. 3:25cv510 (DJN)

COMMONWEALTH OF VIRGINIA, *et al.*,
    Respondents.

**MEMORANDUM OPINION**

Terrence O. Coley, a Virginia inmate proceeding *pro se*, submitted this Petition for Writ of Coram Vobis. (ECF No. 1). Coley seeks an order from this Court directing the Virginia state courts to alter his sentence based on a later interpretation of state law by the Supreme Court of Virginia. (*See id.* at 9.)[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. For the reasons stated below, Coley's action will be dismissed for lack of jurisdiction and as legally frivolous.

---

[1] According to Coley, the jury recommended that his firearm offense sentences run concurrently, but the judge imposed consecutive sentences, because he believed that he was required to do so. (ECF No. 1 at 5.) In 2022, Coley learned about a Supreme Court of Virginia case from 2012 that "determined unequivocally that sentences on firearm offenses could be ran concurrently with one another, SEE: BROWN-V-COMM., 284 Va. 538 (2012)." (*Id.* (punctation corrected).)

Courts have the authority to grant a writ of coram nobis (or coram vobis)[2] pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)).  A writ of error coram nobis is an "'extraordinary remedy that allows criminal defendants to attack their convictions after they are no longer in custody,' and 'only the court that imposed the sentence has jurisdiction to grant'" the writ.  *Nabaya v. Lauck*, No. 1:23-CV-2650 (ACR), 2024 WL 687967, at *3 n.5 (D.D.C. Feb. 16, 2024) (citations omitted); *see United States v. Morgan*, 346 U.S. 502, 511 (1954) (noting that coram nobis is a motion "in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding" (citations omitted)).  If the conviction being challenged "is the result of a *state court* judgment . . . a *federal district* court lacks subject matter jurisdiction." *Stoller v. United States*, 216 F. Supp. 3d 171, 175 (D.D.C. 2016); *see Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (explaining that "federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments" (citation omitted)); *In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) ("The writ of error coram nobis may not be used to set aside a state conviction." (citations omitted).)

Coley may not pursue relief in this Court through a writ of coram nobis.  Coley remains in state custody on the sentences of which he complains, which precludes his use of the writ.  But, more importantly, this federal court did not impose the state sentences that he challenges.

---

[2]   "[T]here is no meaningful difference between a writ of *coram nobis* and a writ of *coram vobis*."  *Minter v. Unknown*, No. 7:23CV00647, 2024 WL 2891499, at *2 n.1 (W.D. Va. June 10, 2024) (citation omitted).

Thus, this Court lacks jurisdiction to alter his sentences.[3]  Accordingly, the action will be DISMISSED for lack of jurisdiction and as legally frivolous.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

                                                                                                /s/
                                                                                              David J. Novak

Richmond, Virginia                                       United States District Judge
Dated:  February 20, 2026

---

[3] Virginia law specifically provides that: "For any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court." Va. Code Ann. § 8.01-677 (West 2026). Coley is aware of this provision and apparently attempted correction of his state sentence through a motion under this section. (See ECF No. 1 at 5–6.) Coley seemingly asserts that the state court's refusal to grant him relief is actionable in federal court in a separate coram vobis action. (Id. at 9–11.) For the reasons stated herein, he is mistaken.

3